**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 14-1764

WALTER MALDONADO DELEON, a/k/a Walter Higinio De Leon-Maldonado,

      Petitioner,

   v.

ERIC H. HOLDER, JR., Attorney General,

      Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: January 15, 2015      Decided: February 6, 2015

Before DUNCAN, KEENAN, and THACKER, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Brian Murray, THE LAW OFFICE OF BRIAN MURRAY PLLC, Fairfax, Virginia, for Petitioner. Joyce R. Branda, Acting Assistant Attorney General, Jamie M. Dowd, Senior Litigation Counsel, Jeffery R. Leist, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Walter Maldonado DeLeon, a native and citizen of Guatemala, petitions for review of the order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's ("IJ") order denying his motion to terminate the removal proceedings. DeLeon contends that the notice to appear ("NTA") was signed by a person who did not have authority to do so under 8 C.F.R. § 239.1(a) (2014). We deny the petition for review.

Jurisdiction vests in the immigration court when a charging document is filed. 8 C.F.R. § 1003.14 (2014); see 8 C.F.R. § 1003.13 (2014) (providing that, for removal cases initiated after April 1, 1997, a notice to appear is a charging document). Removal proceedings are commenced by the filing of an NTA with the IJ. 8 C.F.R. § 1239.1 (2014). The officers authorized to issue an NTA are listed in 8 C.F.R. § 239.1(a). The sufficiency of the NTA is a question of law, and as such is entitled to de novo review. Kohli v. Gonzales, 473 F.3d 1061, 1065 (9th Cir. 2007); see generally Li Fang Lin v. Mukasey, 517 F.3d 685, 691-92 (4th Cir. 2008) (noting that the Board's legal determinations are reviewed de novo). Administrative agencies are entitled to the presumption that they acted properly and according to law, FCC v. Schreiber, 381 U.S. 279, 296 (1965), and public officers are presumed to have properly discharged

2

their duties.  Almy v. Sebelius, 679 F.3d 297, 309 (4th Cir. 2012).

Upon our review of the record, we conclude that DeLeon failed to rebut the presumption that the person who signed his NTA had the authority to do so.  DeLeon offered no evidence that the person who signed the NTA as an SDDO was not a Supervisory Detention and Deportation Officer, an officer who is authorized to issue an NTA.  See 8 C.F.R. § 239.1(a)(31).  We reject DeLeon's argument that the presumption only comes into play after determining the public officer's duties.  See, e.g., Kohli, 473 F.3d at 1067-68.  Because DeLeon did not rebut the presumption at issue, the Board did not err in finding that the NTA was proper, and in affirming the IJ's decision declining to terminate the removal proceedings.

Accordingly, we deny the petition for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

PETITION DENIED